IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Yahya Muqit, ) | |
| ) | Case No. 8:13-cv-03600-RBH-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Corrections ) | |
| and Sgt. C. Turbide, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on a motion to remand filed by Plaintiff, who is proceeding pro se. [Doc. 12.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(d)-(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

On November 22, 2013, Plaintiff filed this action in the Richland County Court of Common Pleas. [Doc. 1-1.] On December 27, 2013, Defendants removed the action to this Court. [Doc. 1.] In his initial Complaint, Plaintiff alleged a violation of his Eighth and Fourteenth Amendment rights under the United States Constitution. [Doc. 1-1 at 7.] On January 13, 2014, Plaintiff amended his Complaint as a matter of right and stated that the "United States District Court for the District of South Carolina does not have jurisdiction over the subject matter of this action in light of the fact that this Amended Verified Complaint merely asserts gross negligence [and] assault as the cause[s] of action and does not allege a violation of any federal law or constitutional right." [Doc. 11 at 2.] Accordingly, Plaintiff asks this Court to remand this case to state court because his

Complaint now presents "non-removable issue[s]." [Doc. 12 at 2.] On January 30, 2014, Defendants filed a response in opposition, arguing that Plaintiff's claims still constitute a cause of action under the federal Constitution and that Plaintiff cannot state a cognizable claim under the South Carolina Torts Claims Act, though Plaintiff purports to base his Amended Complaint solely on that statute. [Doc. 15.] Defendants posit that because Plaintiff has alleged damages for intentional infliction of emotional distress, which are not available under the Torts Claims Act, that Plaintiff did not intend to dismiss his federal claims. [*Id.*]

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether federal question jurisdiction exists "is

determined by the well-pleaded complaint rule." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)). "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003)). The plaintiff is the master of his claim and may avoid federal jurisdiction by exclusive reliance on state law. *Id.* (citations omitted).

To determine whether subject matter jurisdiction exists under § 1331, the Court must first determine whether federal or state law creates the cause of action. *Mulcahey*, 29 F.3d at 151. Here, in the Amended Complaint, Plaintiff claims Sergeant Turbide took away Plaintiff's suicide blanket and sprayed Plaintiff with "chemical munitions." [Doc. 11 at 2.] Plaintiff alleges that he was without a blanket for nine days and that such actions were negligent, unreasonable and in clear violation of the South Carolina Department of Corrections' policies. [*Id*.] Plaintiff specifies that he seeks to hold the Defendant liable under the South Carolina Torts Claim Act. [*Id*. at 4.] As previously noted, Plaintiff states clearly that he "does not allege a violation of any federal law or constitutional right." [*Id.* at 2.]

As master of his claim, Plaintiff may choose to rely exclusively on state law as the basis for his claims. Here, Plaintiff has indicated very specifically his desire to frame his claims under state, and not federal, law. Plaintiff's right to relief does not necessarily depend on the resolution of a question of federal law. It is Plaintiff's choice to proceed

under state law, which may not make available all remedies that he seeks. Moreover, it is Defendants' burden to demonstrate that this Court has removal jurisdiction and Defendants have fallen far short of meeting that burden, particularly in light of Plaintiff's clarity on the issue. As such, the Court concludes that no federal question jurisdiction supports the assertion of removal jurisdiction under 28 U.S.C. § 1441.

Wherefore, based upon the foregoing, the Court concludes it is without jurisdiction over this action and recommends the case be REMANDED to the South Carolina Court of Common Pleas in Richland County.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

March 13, 2014  
Greenville, South Carolina